## Commonwealth v. Lowry et al.

*J. J. Owens,* district attorney, for Commonwealth.

*James J. Powell,* for defendants.

NEWCOMB, P. J., May 27, 1932.—Defendants are the commissioners of Lackawanna Township, one of the first class. They were indicted for maintaining a public nuisance because of the obstruction of Birney Avenue. By agreement of parties at bar, a special verdict was taken and the question now is whether the facts so found warrant a conviction.

If the return were somewhere nearly as full and explicit as the briefs of counsel, it would be much more satisfactory; but it is very meager, to say the least.

The proceeding was no doubt intended to test the liability of the township for the repairs of a primary state highway. But all that appears in the record is the fact that the road "was constructed by the State of Pennsylvania, nine feet of said highway being paid for by the township," together with a description of the defect. This was the formation of a sag or basin due to surface subsidence brought on by underground mining. In wet weather, the basin became filled with a volume of water to the obstruction of traffic, and thus constituted a nuisance.

By their elaborate briefs, counsel have traced the road to a statutory origin as part and parcel of the State's system of highways. But that is of no avail on this motion, which brings into view just what appears of record and nothing else.

Hence, the only thing to distinguish the case from that of a defective township road is the legal presumption arising from the mere fact that it was built by the Commonwealth, though in part with funds contributed by the township.

It must be presumed that the Commonwealth did the construction in due and proper exercise of its lawfully appointed functions, to wit, in pursuance of the authority conferred by the Act of May 31, 1911, P. L. 468, and its supplements.

By reference to section six of this statute, it will be noted that, when taken over under that act, such road shall be repaired and maintained at the sole expense of the Commonwealth and that it "shall be under the exclusive authority and jurisdiction of the State Highway Department."

There being nothing to overcome the presumption attaching to the fact of construction by the State, it follows that responsibility for the defeat here is that of the State and not of the township. Defendants cannot lawfully lay a hand on the road on their own initiative; and that is decisive of the issue.

Defendants are accordingly adjudged not guilty and are now discharged without day. The costs to be paid by the county.

From William A. Wilcox, Scranton, Pa.